## ARBUCKLE v. STATE OF INDIANA.

[No. 23,422.   Filed October 7, 1919.]

1. CARRIERS.—*Rate Schedule for Continuous Journey.—Validity.* —A provision in a rate schedule prohibiting a passenger from choosing a combination of fares between intervening points instead of the through rate, upon its approval by the Public Service Commission, became binding upon the carrier and its passengers, and justified a conductor in demanding of a passenger, upon the same train, who had paid his way to an intermediate point and presented a ticket for carriage from there to destination, the additional amount necessary to make up the through fare as scheduled.   p. 445.

2. CARRIERS.—*Passenger's Intent to Make Continuous Journey.— Evidence.*—An arrangement made by a passenger by telephone with the carrier's agent at an intermediate point, before entering the car at the initial point, for the purchase of a ticket for carriage from the intermediate point to destination, indicates a determination to make a continuous journey on the same car, notwithstanding his statement that he intended to leave the car at the intermediate point to get the ticket.   p. 446.

3. CARRIERS.—*Forcible Removal of Passenger.—When Justified. —Assault and Battery.*—Where a passenger paid his fare to an intermediate point of an intended continuous journey and presented a ticket for the remaining distance and refused to pay an additional sum to make up the through fare required by a schedule approved by the Public Service Commission, which schedule prohibited the choosing of a combination of fares between intervening points, the conductor was justified in ejecting the passenger, upon his refusal to voluntarily leave the car. p. 447.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Prosecution by the State of Indiana against E. O. Arbuckle.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Joseph R. Morgan, Ed K. Adams* and *Herbert C. Jones,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

Arbuckle v. State—188 Ind. 444.

HARVEY, J.—The defendant was convicted by a jury on a charge of assault and battery upon the prosecuting witness, one William W. Wilcoxon. The defendant, as conductor of a car on the Indianapolis and Cincinnati Traction Company's line, ejected therefrom said Wilcoxon for refusal to pay the rate of passenger fare requested by said conductor for a trip from Gwynneville to Indianapolis.

Wilcoxon entered the car at Gwynneville, Indiana, to travel thereon as a passenger from said point to Indianapolis. He paid the scheduled and demanded fare of five cents for passage from Gwynneville to Morristown, and at the latter point paid to the station agent the scheduled rate for a ticket to Indianapolis for transportation on the same car. The combined fares above mentioned aggregate fifty-eight cents; whereas the through fare from Gwynneville to Indianapolis at said time was fifty-nine cents. The defendant, as conductor, demanded of Wilcoxon one cent cash in addition to the ticket, which additional amount Wilcoxon refused to pay.

The rate of fare stated above between said points, both local and through, were fixed in a schedule filed by the traction company with and approved by the 1. Public Service Commission of Indiana, and were published according to law. The scheduled rates were the same whether the passenger purchased a ticket or paid cash. The prosecutor does not question the legality or reasonableness of said rates, or any regulation in reference thereto. On the other hand, the prosecution indirectly concedes said rates and regulations to be legal and reasonable, and asserts that, as the schedule named three rates, a through rate, a rate from Gwynneville to Morristown, and a rate from Morristown to Indianapolis, the passenger had a right to choose how he would make the trip, whether as a through passenger

or by stages, paying only the scheduled rates for such passage.

There was, however, a provision in the schedule filed with the commission, which is as follows:

> "The tariff fare as shown herein must be paid from the point where passenger boards the train to final destination. This may not be avoided by the payment of fare to or from an intermediate point, or points, so as to make a combination of fares less than the fare for the entire ride. Should a passenger desire to proceed on the same train to any point beyond which the fare already paid will entitle him to ride, he must pay fare from the station where he originally boarded the train to final destination."

This was also approved by the commission, and thereby became a regulation binding upon the traction company and its passengers until successfully challenged or changed. No such rule or regulation was involved in the case of *Brown* v. *Terre Haute, etc., Traction Co.* (1916), 63 Ind. App. 327, 110 N. E. 703, 113 N. E. 313, and this fact distinguishes that decision from the case here involved. This rule prohibited the passenger from choosing a combination of rates, as here attempted, and the conductor was justified in demanding the extra amount needed to make the full scheduled fare from Gwynneville to Indianapolis for an intended continuous trip on the same car. Beale and Wyman, Railroad Rate Reg. (3d ed.) §675; 2 Wyman, Public Ser. Corp. §§1255, 1256, 1260; 2 Hutchinson, Carriers (3d ed.) §1042; *Wabash R. Co.* v. *Priddy* (1912), 179 Ind. 483, 101 N. E. 724.

The arrangement made by the passenger by telephone with the agent at Morristown, before he entered the car at Gwynneville, clearly indicates his determination to make a continuous journey on the same car, notwithstanding his statement that he

intended to leave the car at Morristown and get the ticket ordered by telephone.

There is no controversy between the parties as to the facts above recited. The conductor was justified in removing the passenger from the car upon the passenger's refusal to voluntarily leave the car. The court refused to give tendered instructions in accord with the law above announced, and gave, of its own motion, instructions to the contrary. This was error, and for this error the judgment is reversed, with instructions to sustain the motion for new trial.

NOTE.—Reported in 124 N. E. 395. See under (1) 10 C. J. 652; (3) 10 C. J. 731. Carriers, right of, to eject passengers for failure to pay required extra fare, 10 Ann. Cas. 923, Ann. Cas. 1913A 1198.